FILED BY /s/ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE   05 JUN 13 PM 12: 37
WESTERN DIVISION

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| MARTHA OWENS, as next of friend of IDA TAYLOR, deceased, and on behalf of the wrongful death beneficiaries of IDA TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>KINDRED HEALTHCARE SERVICES, INC., KINDRED HEALTHCARE OPERATING, INC., KINDRED NURSING CENTER LIMITED PARTNERSHIP d/b/a SPRING GATE REHABILITATION AND HEALTHCARE CENTER; RENEE B. TUTOR, in her capacity as Administrator of SPRING GATE REHABILITATION HEALTHCARE CENTER,; DEBORAH ANNE HANSBROUGH, in her capacity as Administrator of SPRING GATE REHABILITATION HEALTHCARE CENTER; and ANGELA KAY MCCOLLOUGH, in her capacity as Administrator of SPRING GATE REHABILITATION HEALTHCARE CENTER<br><br>Defendants. | No. 04-2928 BV |

ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Before the court is the May 23, 2005 motion of the defendants, Renee B. Tutor, Deborah Ann Hansbrough, and Angela Kay McCollough, pursuant to Federal Rule of Civil Procedure 26(c)(1), requesting that the court enter a protective order providing that discovery

not be had from them. This motion was referred to the United States Magistrate for determination. For the following reasons, the motion is granted.

## BACKGROUND

This case was originally filed in the Circuit Court of Shelby County. The defendants removed the case to federal court pursuant to 28 U.S.C. § 1446. In the notice of removal, the defendants alleged that the three individual defendants were fraudulently joined in order to destroy the completeness of diversity of citizenship. The plaintiff subsequently filed a motion for remand to state court, contending that the joinder of the individual defendants defeated diversity of citizenship and the court thus lacked subject matter jurisdiction. In December of 2004, the defendants filed a response opposing the motion for remand and moved to dismiss the individual defendants. The motion to remand is currently pending before United States District Judge J. Daniel Breen.

On May 6, 2005, the plaintiff served the three individual defendants with a first set of interrogatories and requests for production of documents.

## ANALYSIS

In *Shoemake v. Kindred Nursing Centers Limited Partnership, et al.*, No. 04-2835 BV, this court granted a similar protective order

under nearly identical facts. The court reasoned as follows:

> Federal Rule of Civil Procedure 26(c)(1) permits the court to issue a protective order prohibiting discovery. The rule allows the court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c).
>
> Kindred contends that regardless of the disposition of the motion to remand and the motion to dismiss the individual defendants, discovery from the individual defendants should not be had at this time. If the court finds that the individual defendants were not fraudulently joined, then the case will be remanded to the state court. An order remanding this case to state court would effectively deprive this court of jurisdiction to order discovery. Alternatively, if the court finds that the individual defendants were fraudulently joined and refuses to remand the case, then the individuals would no longer be parties subject to the discovery rules.
>
> Consequently, any discovery requested from individuals who will either not be parties to this lawsuit or who will not be under the jurisdiction of this court would be wasteful, annoying, oppressive, and unduly burdensome and expensive.
>
> [The plaintiff] contends that even if the individuals were not parties to the action, she would simply secure the same information requested through the issuance of a subpeona duces tecum under Federal Rule of Civil Procedure 45. If the court finds that the individuals were fraudulently joined as parties, then the case will remain in federal court, and [the plaintiff] may pursue discovery under Rule 45 at that time.

For the foregoing reasons, the defendants' motion for protective order is granted in this case. The plaintiff shall not have discovery under Federal Rule of Civil Procedure 26, 33, 34, 35, or 36 from Renee B. Tutor, Deborah Ann Hansbrough, and Angela

3

Kay McCollough until resolution of the pending motions to remand and to dismiss. All other discovery may proceed.

IT IS SO ORDERED this 13th day of June, 2005.

*/s/ Diane K. Vescovo*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 2:04-CV-02928 was distributed by fax, mail, or direct printing on June 14, 2005 to the parties listed.

---

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Deborah Whitt
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Brian Reddick
WILKES & MCHUGH, P.A.
425 West Capitol Avenue
Ste. 3500
Little Rock, AR 72201

Jacob C. Parker
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

F. Laurens Brock
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallan Bldg.
Chattanooga, TN 37402

Darrell E. Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Honorable J. Breen
US DISTRICT COURT