FILED BY _____ D.C.

05 SEP 26 PM 4: 03

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARTHA OWENS, as next friend of
IDA TAYLOR, Deceased, and on behalf of
the wrongful death beneficiaries of
IDA TAYLOR,

    Plaintiff,

v.                                    No. 04-2928 – B

KINDRED HEALTHCARE, INC., et al.,

    Defendants.

## ORDER REMANDING CASE TO STATE COURT

Plaintiff, Martha Owens, as next friend of Ida Taylor, Deceased, and on behalf of the wrongful death beneficiaries of Ida Taylor, initiated this action in Shelby County, Tennessee Circuit Court (No. CT-005790-04 Div. 8) against the Defendants, Kindred Healthcare, Inc.; Kindred Healthcare Operating, Inc. (hereinafter collectively referred to as "Kindred"); Kindred Nursing Centers Limited Partnership d/b/a Spring Gate Rehabilitation & Healthcare Center (hereinafter "Spring Gate Center"); Renee B. Tutor, in her capacity as Administrator of Spring Gate Rehabilitation & Healthcare Center; Deborah Anne Hansbrough, in her capacity as Administrator of Spring Gate Rehabilitation & Healthcare Center; and Angela Kay McCollough, in her capacity as Administrator of Spring Gate Rehabilitation & Healthcare Center (sometimes collectively referred to herein as the "Administrators"). The Defendants later removed the action to this Court based on diversity jurisdiction, despite the fact that on the face of the complaint, it appeared complete diversity

1

was lacking. See 28 U.S.C. § 1332. On December 15, 2004, Owens filed a motion to remand the case to state court based on the absence of complete diversity among the parties. As the Defendants have responded to the motion, it is now appropriate for disposition.

## FACTS AND PROCEDURAL BACKGROUND

Taylor was admitted in February 1995 as a resident to Spring Gate Rehabilitation & Healthcare Center, formerly known as Shelby Pines Rehabilitation and Healthcare Center, a nursing home facility owned by Kindred. (Am. Compl. ¶¶ 1, 6.) Plaintiff brings this lawsuit for damages based on negligence regarding the care given to Taylor at the nursing home by its employees and administrators. Specifically, Plaintiff alleges that the Defendants are liable for negligence, gross negligence, and survivor and wrongful death damages, under Tennessee common law and pursuant to the Tennessee Nursing Home Residents Rights Act, Tenn. Code Ann. § 68-11-901, et seq.; the Tennessee Medical Malpractice Act, Tenn. Code Ann. § 29-26-115 et seq.; the Tennessee Adult Protection Act, Tenn. Code Ann. § 71-6-101 et seq.; and various Rules of the Tennessee State Board of Examiners for Nursing Home Administrators. Owens also seeks to recover for breach of contract as a third-party beneficiary of Kindred's corporate integrity agreement between Vencor, Inc., also known as Kindred Healthcare, Inc., and Taylor.

The Administrators, like the Plaintiff, are residents of the State of Tennessee. (Notice of Removal Pursuant to 28 U.S.C. § 1446 at 3.) Defendants Kindred Healthcare Services, Inc. and Kindred Healthcare Operating, Inc. are Delaware corporations with their principal places of business located in Kentucky. (Notice of Removal Pursuant to 28 U.S.C. § 1446 at 2.) Kindred Nursing Centers Limited Partnership is a Delaware limited partnership with its principal place of business in Kentucky but does not have any partners that are residents of Tennessee. (Notice of Removal

2

Pursuant to 28 U.S.C. § 1446 at 2.) In their removal of Plaintiff's lawsuit to this Court, Defendants argue that the Administrators were wrongfully and fraudulently joined for the purpose of depriving the nonresident Defendants of their right to have this case litigated in federal court. In her motion to remand, Plaintiff asserts that the Administrators were liable for their own acts and omissions and, therefore, were not fraudulently joined.

## LEGAL STANDARD

A case initially filed in state court may be removed to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a). However, when federal question jurisdiction is lacking, a case may be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a) and (b). Here, based on the face of the amended complaint, diversity of citizenship is lacking because the Administrators are citizens of Tennessee, precluding removal under 28 U.S.C. § 1441(b). Nonetheless, Kindred argues that the joinder of the Administrators was undertaken solely in an attempt to avoid removal.

The Sixth Circuit has recognized that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted). However, the party removing the case must establish that the joinder was a subterfuge. Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." Coyne, 183 F.3d at 493 (citing Alexander, 13 F.3d at 949). "There can be no fraudulent joinder unless it be clear that

3

there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." Alexander, 13 F.3d at 949 (quoting Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968)). If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then remand is appropriate. Id.; see also Coyne, 183 F.3d at 493 (stating that a "colorable basis for predicting that a plaintiff may recover against non-diverse defendants" requires remand); Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999) ("the inquiry is whether [plaintiff] had at least a colorable cause of action against [the defendant]"). "[A]ny disputed questions and facts and ambiguities in the *controlling* state law [should be resolved] . . . in favor of the nonremoving party." Alexander, 13 F.3d at 949 (citations omitted; alterations and emphasis added in the original). "All doubts as to the propriety of removal are resolved in favor of remand." Coyne, 183 F.3d at 493. A plaintiff's motive in joining non-diverse defendants is immaterial to the determination of whether joinder was fraudulent. See Jerome-Duncan, Inc., 176 F.3d at 907 (citation omitted). Because the Plaintiff has alleged that the non-diverse Defendants are liable under Tennessee law, the Court must look to the law of that state to determine whether these Defendants were fraudulently joined. See id. (applying Michigan state law to ascertain whether the defendant was properly joined).

## ANALYSIS

In seeking to recover against the non-diverse Administrators, Plaintiff argues that administrators of nursing homes, unlike managers in other businesses, are responsible under Tennessee common and statutory law for all functions of the nursing home including staffing, training, supervision, and protection of residents. According to Owens, the Administrators violated their duties by failing to supervise, train, and evaluate the staff; provide a sufficient number of

4

nursing personnel to meet the total needs of the residents; and provide a safe environment.

The Defendants submit that Plaintiff is seeking to impose vicarious liability on the Administrators under Tennessee common law. (Resp. Mot. Remand at 3-4.) They point to the decision of Brown & Sons Lumber Co. v. Sessler, 163 S.W. 812, 813-14 (Tenn. 1913), in which the Tennessee Supreme Court held that an "intermediate superior employe[e can be held responsible] only if his personal negligence, in an immediate act or command, was the efficient cause or a coefficient cause of the injury." Similarly, in Parker v. Vanderbilt University, 767 S.W.2d 412, 416 (Tenn. Ct. App. 1998), the Tennessee Court of Appeals held that a hospital's Chief of Anesthesiology could not be held vicariously liable for the negligent acts of a nurse who incorrectly performed a medical procedure on a patient in the doctor's absence, without his oversight, and where the complaint did not allege that the physician committed any acts of negligence himself. The Defendants maintain that the facts of Parker and this case are on all fours. (Resp. Mot. Remand at 5.) Like Parker, the Defendants submit that the amended complaint "makes no allegations of direct participation by the Administrators in the negligent and/or tortious conduct of subordinates." (Resp. Mot. Remand at 6.)

The Court finds that the Defendants' arguments are unpersuasive. A review of the amended complaint reveals that the Plaintiff does allege direct negligence on the part Spring Gate Center's Administrators. The amended pleading specifically states that Tutor, Hansbrough and McCollough personally failed to appropriately supervise, train, and evaluate the nursing staff, and hire sufficient nursing staff to adequately meet Taylor's needs. (See Am. Compl. ¶ 56.) These allegations of administrator misfeasance are in addition to acts of negligence committed by the employees which the Administrators supervised. Unlike Parker, where the court found the complaint contained no

5

claims of negligent acts by the doctor himself, the Plaintiff in this case has asserted such conduct directly by Tutor, Hansbrough and McCollough.

Defendants also argue that the Plaintiff is attempting to base her recovery on violations of Tennessee statutes and regulations governing nursing home administrators. According to the Defendants, no private right of action exists under these state provisions. However, the Court finds that Owens is merely asserting that these statutes establish a standard and duty of care for nursing home administrators as opposed to creating a private right of action. Specifically, Plaintiff claims that the Defendants have violated Taylor's rights under provisions of Tenn. Code Ann. §§ 68-11-901(15), (16), (21), and (24). (Am. Compl. at ¶ 25.) These subsections provide that "[e]very nursing home resident/patient has . . . rights . . . (15) [t]o be suitably dressed . . . and to be given assistance, when needed in dressing, grooming and maintaining body hygiene," "(16) [f]or the family . . . to be notified immediately of any accident, sudden illness, disease, . . . or anything unusual," "(21) [t]o be free from willful abuse or neglect," and "(24) [t]o be treated with consideration, respect and full recognition of the resident's dignity and individuality."

Nevertheless, the Defendants contend that these are merely licensing statutes and should not be used to establish a claim of negligence per se. In Tennessee, "'[i]t is well settled that a failure to perform a statutory duty is negligence per se, and, if the injury is the proximate result or consequence of the negligent act, there is liability.'" White v. Smith, No. E2004-02467-COA-R3-CV, 2005 WL 1183151, at *5 (Tenn. Ct. App. May 19, 2005) (quoting Wise v. Morgan, 48 S.W. 971, 972 (Tenn. 1898)). In order to impose liability based on the failure to comply with a statute or regulation, "'the person suing must be such a person as is within the protection of the law and intended to be [benefitted] thereby.'" Id. at *6 (quoting Carter v. Redmond, 218 S.W. 217, 218 (Tenn. 1920)).

6

Although the Defendants claim that these enactments do not offer protection to nursing home residents, a plain reading of the provisions reflects that they provide specific "rights" to patients.

Defendants point to numerous factors for the Court to consider in determining whether the violation of a statute or regulation is negligence per se. However, the Court need not decide that issue since the Plaintiff must only present an arguably "reasonable basis for predicting that the state law might impose liability on the facts involved." See Alexander, 13 F.3d at 949. Moreover, the question of whether violations of these statutes and regulations can be used by a plaintiff in asserting a negligence per se claim is more appropriately left for the state court to decide. This Court merely concludes that Owens has presented a "colorable basis for predicting that a plaintiff may recover against [the] non-diverse defendant[]" based on common law negligence and negligence per se. See Coyne, 183 F.3d at 493.

The Court has not found any reported Tennessee cases, nor have the parties cited to any, that address whether a nursing home administrator owes its residents a duty of care. All "ambiguities in the *controlling* state law [should be resolved] . . . in favor of the nonremoving party." Alexander, 13 F.3d at 949 (citations omitted; alterations and emphasis added in original). Consequently, the Court concludes that the Defendants have failed to establish fraudulent joinder and that Plaintiff has presented a reasonable basis for recovery based on the allegations in the amended complaint.

Two other judges of this district have reached similar conclusions. In Barkley v. Kindred Healthcare, Inc., No. 04-1344-T/An (W.D. Tenn. Apr. 18, 2005), Chief Judge James D. Todd remanded a case to state court, finding that the plaintiff there had alleged sufficient facts, almost identical to this case, to present a colorable basis for predicting recovery against a non-diverse defendant. Judge Todd concluded that the complaint contained allegations of personal negligence

7

of the administrator in his failure to adequately supervise, train, and evaluate the nursing staff to ensure proper care for the residents. Barkley, No. 04-1344-T/An, at 4. Likewise, Judge Bernice B. Donald found that remand was appropriate in Petties v. Kindred Healthcare, Inc., No. 04-2996-DA (W.D. Tenn. Apr. 25, 2005), based on similar facts as the instant case.

## CONCLUSION

For the reasons articulated herein, Plaintiff's motion to remand is GRANTED and this case is hereby REMANDED to the Circuit Court of Shelby County, Tennessee. The Clerk of Court is directed to prepare a judgment accordingly.

**IT IS SO ORDERED** this 26th day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 36 in case 2:04-CV-02928 was distributed by fax, mail, or direct printing on September 27, 2005 to the parties listed.

---

Darrell E. Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Jacob C. Parker
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

F. Laurens Brock
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallan Bldg.
Chattanooga, TN 37402

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

Deborah Whitt
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Brian Reddick
WILKES & MCHUGH, P.A.
425 West Capitol Avenue
Ste. 3500
Little Rock, AR 72201

Honorable J. Breen
US DISTRICT COURT